## CHARLES DETTERLY v. CHARLES E. YEAMANS.

1. MARRIAGE: LIABILITY OF PROBATE CLERK FOR ISSUING LICENSE FOR THE MARRIAGE OF INFANTS.—By Art. 6, p. 332, of the Rev. Code, the probate clerk is prohibited from issuing a license for the marriage of males under twenty-one and of females under eighteen years of age, without the consent of the parent or guardian; and in case he issue a license without such consent being first given, he acts at his peril, and becomes liable for the statutory penalty, notwithstanding he may have been honestly mistaken as to the age of the party.

ERROR to the Circuit Court of Warren county.   Hon. J. S. Yerger, judge.

*J. Shirley*, for plaintiff in error.

*C. L.* and *R. S. Buck*, for defendant in error.

HANDY, J., delivered the opinion of the court:

This action was brought by the plaintiff to recover the penalty prescribed by the statute, Rev. Code, 332, Art. 6, for issuing a marriage license by the defendant, as probate clerk, without the consent of the plaintiff, in virtue of which his daughter, under the age of eighteen years, was married without his consent.

On the trial in the court below, there was evidence tending to prove that the daughter was below the age of eighteen years, and that the marriage was against the consent of the father; and it was proved, by the testimony of the defendant, that as probate clerk he had issued the marriage license, without first obtaining the consent of the plaintiff, and that his reason for so doing was, that the daughter appeared to be full grown, and that he believed her to be over the age of eighteen years, and did not know that she was below that age.

At the instance of the defendant, the court instructed the jury "that the plaintiff could not sustain the action, if the jury believe from the evidence that the defendant did not know that the daughter was under the age of eighteen years, or if the evidence satisfies them that the defendant believed she was over that age at the time he issued the license."   And the same principle was stated by the court by way of modification to the instruction asked by the plaintiff.

The statute plainly requires that, when a female about to marry is under the age of eighteen years, the consent of the parent or guardian shall be personally given before the probate clerk, or shown by written certificate, signed by the parent or guardian, and these produced and proved; and the consent so given is to be recorded by the clerk, and the license thereupon issued; and it provides that if any clerk shall issue a license without these requisites being complied with, he shall be liable to the penalty

of one thousand dollars. The mode of ascertaining whether the party is of sufficient age to dispense with these requisites is not prescribed. But it is plain that, if the clerk grants a license in any case, without having the prescribed requisites complied with, he acts at his peril, and is liable to the penalty in case the party be under the age specified, if the marriage be celebrated in virtue of the license, and against the consent of the parent or guardian. It is clearly no excuse to him that he believed the party to be of competent age, or that he did not know that he or she was under the legal age; for, by performing his duty under the statute, he can easily protect himself from liability, and thereby promote the public policy, which was the object of the statute, and prevent the marriage of parties who are presumed to be incompetent to contract marriage against the consent of those who have the legal right to control their action. But if such an excuse were allowed, it would entirely frustrate the policy of the statute, and render its positive provisions nugatory.

The ruling of the court was, therefore, erroneous; and the judgment must be reversed and a new trial granted.